1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| LEE OUTLAW, | CASE NO.   1:10-cv-01021-GBC (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JOHN/JANE DOE, WARDEN, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Lee Outlaw ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 7, 2010 and consented to Magistrate Judge jurisdiction on June 18, 2010.  (ECF Nos. 1 & 5.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state a cognizable claim upon which relief

1

may be granted.

## II.   **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   **SUMMARY OF COMPLAINT**

Plaintiff brings this action for inadequate medical care in violation of the Eighth Amendment.  Plaintiff names the following individuals as Defendants: John/Jane Doe,

2

Warden of North Kern Valley State Prison; John/Jane Does #1-3, medical authorization review committee; and John/Jane Does #4-6, assistant deputy and health care review committee, and doctor.

Plaintiff alleges as follows: On February 13, 2010, Plaintiff injured his left foot. He made numerous requests for treatment by sending health care services request forms. Plaintiff was seen by a doctor on March 15, 2010. He scheduled Plaintiff for an MRI. On April 19, 2010, Plaintiff was seen by the same doctor regarding the results of the MRI. The MRI indicated that Plaintiff had a ruptured Achilles tendon. Plaintiff did not receive treatment after the diagnosis, but was informed that he needed to see a specialist. Due to his injury and not receiving treatment, Plaintiff suffers severe and extreme pain and walks with a limp.

Plaintiff seeks punitive, monetary, and declaratory damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Doe Defendants

All Defendants named by Plaintiff are Does. "As a general rule, the use of 'John

Doe' to identify a defendant is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." <u>Robinett v. Correctional Training Facility</u>, 2010 WL 2867696 (N.D.Cal. 2010). Plaintiff is advised that neither John Doe nor Jane Doe defendants can be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe defendants; the Court will not undertake to investigate the names and identities of unnamed defendants. <u>Id.</u>

The Court will grant Plaintiff <u>one</u> additional opportunity to amend his claim discussed below and name the appropriate Defendants. Plaintiff shall undertake to identify the individuals that perpetrated the acts complained of in this case.

### B.   <u>Eighth Amendment Claims</u>

Plaintiff alleges inadequate medical care and deliberate indifference to his serious injury.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further

4

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).   In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.   Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).   "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.   Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.   Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.   See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that he made numerous requests for medical treatment and that treatment was denied without cause.  He further alleges that Defendants were aware of his injury and continuously failed to provide treatment.  Plaintiff claims that because of that failure, he walks with a limp and suffers extreme pain.

Plaintiff has failed to state a claim upon which relief may be granted.  To state a cognizable claim, Plaintiff must demonstrate deliberate indifference to a serious medical need.  Plaintiff fails to demonstrate deliberate indifference.  He states that Defendants were aware of his injury, but he does not state who or how each Defendant was deliberately indifferent to that injury.  The Court will grant Plaintiff leave to amend.  In his amended complaint, Plaintiff must describe in greater detail how Defendants were deliberately indifferent to his injury.  Plaintiff should keep in mind that the alleged deliberate indifference must be more than mere negligence.

Further, and as stated above, Plaintiff does not attribute the denial of treatment or any other constitutional violation to any named Defendant.  In fact, Plaintiff does not name any Defendants in his description of the claim.  In his amended complaint, Plaintiff must

attribute the allegedly unconstitutional actions to a named Defendant.

## V. __CONCLUSION AND ORDER__

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the February 13, 2010 left foot injuries and subsequent events.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

7

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:03-cv-1021-GBC (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    April 28, 2011

UNITED STATES MAGISTRATE JUDGE

8